19 F.3d 1435
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eugene WYNN, Plaintiff-Appellant,
v.
Colleen WOLF, also known as Unknown Wolf; Grievance
Coordinator, in her individual capacity; Reymundo Mascorro,
also known as Unknown Mascorro, Inspector, in his individual
capacity, Defendants-Appellees.
 No. 93-2411.
 United States Court of Appeals, Sixth Circuit.
 March 28, 1994.
 
 Before: NELSON, SUHRHEINRICH and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Eugene Wynn, a pro se Michigan prisoner, appeals a district court judgment granting summary judgment to the defendants in this civil rights action filed under 42 U.S.C. Sec. 1983. Additionally, Wynn request the appointment of counsel. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking solely damages, Wynn sued the Grievance Coordinator (Wolf) and the Inspector (Mascorro) of the Muskegon Correctional Facility for allegedly violating his constitutional rights. Specifically, Wynn alleged that defendant Wolf directed racial slurs toward him because Wynn is a member of the Nation of Islam and Wolf dislikes the Nation of Islam. He also alleged that the defendants developed a conspiracy against him because he filed grievances against them. He asserted that, "throughout the [racial] harassment and discrimination, [he] was prevented from obtaining relief through the prison grievance process." According to Wynn, "defendant Wolf ... either arbitrarily dismissed the valid grievance or misplaced it or just outrightly refuse to process the grievance." He claimed defendant Mascorro violated his constitutional rights because he failed to investigate Wolf's unconstitutional behavior. Wynn sued the defendants in their individual capacities. The district court granted the defendants' motion for summary judgment. Reconsideration was denied in an order filed October 6, 1993.
 
 
 3
 Upon review, we conclude summary judgment was properly entered for the defendants because there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 4
 First, Wynn's vague allegations of racial animosity and conspiracy are wholly conclusory and unsupported by any specific facts. As such, they are insufficient to state a claim under Sec. 1983. See Gutierrez v. Lynch, 826 F.2d 1534, 1538 (6th Cir.1987); Ana Leon T. v. Federal Reserve Bank, 823 F.2d 928, 930 (6th Cir.) (per curiam), cert. denied, 484 U.S. 945 (1987).
 
 
 5
 Second, Wynn's claim that he was denied access to the prison's grievance process does not implicate constitutionally protected rights. There is no inherent constitutional right to a prison grievance proceeding. See Hewitt v. Helms, 459 U.S. 460, 467 (1983). Furthermore, state law does not create a liberty interest in the grievance procedure. See Olim v. Wakinekona, 461 U.S. 238, 249 (1983). As the district court correctly points out, grievances in Michigan are governed by PD-DWA-62.02. That policy contains discretionary language stating that inmates "may" file grievances. There is no provision mandating that prison officials take any action on a grievance filed by an inmate.
 
 
 6
 Finally, Wynn's allegation that the defendants used insulting racial slurs towards him in insufficient to support a constitutional claim. See Ivey v. Wilson, 832 F.2d 950, 955 (6th Cir.1987).
 
 
 7
 Accordingly, the request for counsel is denied and the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.